**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MORGAN RADLEY,
*Plaintiff*,

v.

GENERAL TIMOTHY D. HAUGH,
*Defendant*.

Case No. 25-cv-1491-ABA

**MEMORANDUM OPINION**

Plaintiff Morgan Radley has sued General Timothy D. Haugh in his official capacity as director of the National Security Agency ("NSA"). ECF No. 1. Ms. Radley, who is self-represented, was employed as an investigator at NSA in 2023. ECF No. 1-1 at 5. She alleges that during her employment she was discriminated against on the basis of her religion. ECF No. 1 at 5. Ms. Radley is a member of the Church of Jesus Christ of Latter-Day Saints. *Id.* Her complaint asserts claims for retaliation and discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. *Id.* at 4.

NSA has moved to dismiss or in the alternative for summary judgment, and that motion is fully briefed. ECF Nos. 24, 28, 35. NSA also filed a corrected version of its motion that fixes a citation error. ECF No. 32. Ms. Radley, in her opposition, also moved for summary judgment. ECF No. 28 at 11. She has also moved to compel certain discovery in the event that the Court denies all motions and allows the case to proceed. ECF No. 29. Finally, Ms. Radley has also moved to request that the Court deny NSA any further extensions. ECF No. 41. Earlier in the case, the Court denied Ms. Radley's motions for the appointment of counsel and to take early discovery. ECF No. 27.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Ms. Radley is self-represented, so the Court must construe her complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading." *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020).

The Court will grant NSA's motion to dismiss. Ms. Radley's complaint was filed using the federal judiciary's template for pro se complaints. ECF No. 1. As filed, the complaint includes no factual allegations. Instead, in the space on the template for plaintiffs to state the "facts of [their] case," Ms. Radley wrote "See attachment of EEO complaint to NSA." *Id.* at 6. But the filing does not attach a complaint to the NSA's Equal Employment Opportunity ("EEO") office or the Equal Opportunity Employment Commission. Instead, it attaches a lengthy decision by the NSA's EEO denying Ms. Radley's claim. ECF No. 1-1. Both parties' briefs do not cite to Ms. Radley's actual complaint in this case but instead rely upon the EEO's adjudicative document. ECF Nos. 28, 32. But the EEO decision does not provide Ms. Radley's allegations (at least not as "short and plain" allegations of fact). It provides instead the factual findings of the

EEO's investigation. ECF No. 1-1. The EEO decision is not a proper substitute for the factual allegations of a complaint under Rule 8. *See McGuire v. Harford Cnty.*, Case No. 25-cv-1433-RDB, 2026 WL 874154, at *10 n.9 (D. Md. Mar. 31, 2026) ("This Court has previously recognized that the EEOC's 'determination [does] not substitute for [a plaintiff's] obligation under Rule 8 to plead sufficient factual content to state a claim.'") (quoting *Ezinne v. Md. State Dep't of Pub. Safety & Corr. Servs.*, Case No. JKB-18-2201, 2019 WL 2162873, at *2 (D. Md. May 17, 2019)). Even upon the liberal construction the Court is required to give *pro se* pleadings, Ms. Radley's complaint fails to state a claim.

Accordingly, the Court will grant NSA's motion and dismiss this case without prejudice. A separate order follows.

Dated: August 11, 2026

*/s/*
Adam B. Abelson
United States District Judge